Filed 5/1/13  P. v. Mercier CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>SUSAN MERCIER,<br><br>        Defendant and Appellant. | B244040<br><br>(Los Angeles County<br>Super. Ct. No. MA054930) |

        APPEAL from a judgment of the Superior Court of Los Angeles County.

Charles A. Chung, Judge.  Affirmed.

        Dawn S. Mortazavi, under appointment by the Court of Appeal, for Defendant and

Appellant.

        No appearance for Plaintiff and Respondent.

_____

Appellant Susan Mercier appeals her conviction, by jury trial, of petty theft with three priors. Finding no error, we affirm the judgment of conviction.

STATEMENT OF FACTS

On November 23, 2011, around 6:50 p.m., Byren Davis was on the phone with Margaret Johnston, his former fiancé. Davis dropped off a ring and cologne at Johnston's front door at 530 West Jackman Street, Apartment 327 in Lancaster, California. Davis placed the white gold ring with diamonds on top of the cologne box without placing it in any container.

Loraine Garcia, Johnston's foster daughter, was 16 years old and living at Johnston's house on November 23, 2011. Before 6:30 p.m. on that date, Garcia was in the shower and did not hear the telephone ring or knocking at the door. Sometime after 6:30 p.m., Johnston called Garcia and asked her to get the ring outside of the front door. When Garcia opened the door, she did not see the ring or the cologne, but saw appellant and a woman talking near appellant's front door.

Video of the area outside Johnston's door, captured on the apartment building's surveillance cameras, showed Davis dropping something off in front of Johnston's door at 6:51 p.m. At 6:53 p.m. the video shows Sergio Rodriguez[1] and appellant at appellant's front door looking down the hall towards Johnston's apartment; appellant then picked up an item in front of Johnston's door.

A few days after November 23, 2011, Johnston went to visit appellant; appellant's brother was there as well. Appellant told Johnston that she had not taken the ring, but her friend may have taken it; appellant said she would speak with her friend to try and get the ring back. Johnston subsequently received text messages from both appellant and her brother Jacob. Jacob texted Johnston that the ring had been sold and they had located the purchaser. After receiving the text messages, Johnston met with Jacob. Jacob described

_____

[1] Codefendant Sergio Rodriguez pled no contest during the trial.

2

the ring to Johnston and told her that the woman who had the ring wanted money for it, as she had paid for it. Jacob and Johnston then went to an apartment building off of K Street in Lancaster to meet the purchaser, but nobody was at the apartment. As of the time of trial, the ring had not been recovered.

Los Angeles County Sheriff's Department Detective Claudia Rissling investigated the theft of Johnston's ring. On December 7, 2011, Detective Rissling spoke with appellant at her apartment. Detective Rissling informed appellant that the surveillance video showed appellant picking something up from in front of Johnston's front door. Appellant told Detective Rissling that Rodriguez had thrown a wallet with his girlfriend's key on the ground and appellant was picking it up. Appellant denied having the ring.

Detective Rissling returned to appellant's apartment on December 14, 2011, to speak with appellant. Again, appellant denied having the ring and insisted that she picked up a wallet off of the ground. Detective Rissling returned to appellant's apartment on December 21, 2011, to arrest appellant. Following her arrest, appellant spontaneously stated that Daniel, her child's father, had the ring and wanted $600 for it.

Appellant was charged with petty theft with three priors (Pen. Code, § 666, subd. (a)). The information also alleged that appellant had suffered a prior serious or violent felony within the meaning of Penal Code sections 1170.12, subdivisions (a) through (d) and 667, subdivisions (b) through (i), and was required to serve an executed sentence for a felony in state prison pursuant to Penal Code section 1170, subdivision (h).

Trial was to a jury. After the prosecution presented the evidence summarized above, appellant testified in her defense, as follows: On November 23, 2011, appellant, her brother Jacob, her friend Rodriguez and his girlfriend Sherry were at appellant's apartment, No. 329 at 530 West Jackman Street, in Lancaster, when Rodriguez and Sherry got into an argument. Sherry went to the bathroom and would not come out, so Rodriguez left the apartment. From behind the bathroom door, Sherry instructed appellant to go get her wallet, shirt, and spare key from Rodriguez. Appellant came out to the hallway of the building and told Rodriguez that Sherry wanted her stuff; Rodriguez

3

threw the keys and wallet to the ground, handed over the shirt, and left. Appellant picked up the items and went back to her apartment. Appellant denied taking the ring, or telling anyone that she had done so.

Appellant admitted that she had felony convictions for a residential burglary and a commercial burglary.

The jury returned a guilty verdict. Appellant requested immediate sentencing. The trial court sentenced appellant to state prison for the middle term of two years, which was doubled based on the prior strike allegation.

Appellant filed a timely notice of appeal. We appointed counsel to represent her on this appeal.

After examination of the record, appellant's counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, and requested that this court conduct an independent review of the entire appellate record to determine whether any arguable issues exist. On February 26, 2013, we advised appellant that she had 30 days in which to personally submit any contentions or issues which she wished us to consider. No response has been received to date.

We have examined the entire record and are satisfied that appellant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*People v. Wende, supra,* 25 Cal.3d at p. 441.)


DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



ARMSTRONG, Acting P. J.

We concur:

MOSK, J.                         KRIEGLER, J.


4